May it please the court. Good morning. My name is David Hopperbush. I'm here on behalf of the appellant, Robert Dennis Pryce. This matter has been thoroughly briefed. There's only a couple of matters that I would like to address in addition to what has been briefed and a matter I'd like to emphasize. Excuse me. In 1977, there were... Is this argument in effect moot? No, Your Honor. Why not? I think the court has asked... He was released, right? Yes, Your Honor. On October 11, 2010. Yes, Your Honor. I understood exactly what the court was asking. Mr. Pryce is here today. Mr. Pryce's sentence began on August 1, 2005, and he was sentenced to 80 months, which, if he'd served the whole sentence, would have expired or would expire in April of 2012. He has been released, but he is on supervised release, and he is therefore subject to future incarceration should he violate his release provisions. I just wanted to make sure that was in the record. I understand, Your Honor, and I had intended to address that. Thank you. In 1977, there were proposed rules which were adopted regarding procedures under Section 2255 and specifically successive motions. And in the comments to that, there was a case cited, a United States Supreme Court case, which is in neither of the briefs, called Davis v. The United States. It was found at 417 U.S. 33, and it's a 1974 case, and it held that it's not always true that every asserted error of law can be raised in a Section 2255 motion. And I am quoting, whether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and whether it presents exceptional circumstances where the need for remedy afforded by the writ of habeas corpus is apparent, is a standard that can be used by the court. Specifically here, and following this court's decision, and excuse my French of La Femme Boye, which is cited in our brief at page 10, this first petition for 2255 was filed before there was any final order of the judgment of convictions. Specifically, Mr. Price had appealed the order of conviction in September of 2005. While that was pending and before it was decided, he then filed his first 2255 motion, which, according to the La Femme Boye case, was not right and should not have been considered, should not have been denied. And I think it is fair for this court to conclude that a basis for the denial of that motion could have been that it was not right, and therefore the merits of that motion were never reached. That's what could have happened, but it didn't happen. Well, we don't know what happened specifically. Well, it was dismissed with prejudice, was it not? That we know. Okay. Yes, and it was appealed. Yes. And it was appealed, and you argued it should not have been, but it was. And didn't the Ninth Circuit in Henderson v. Lampert reject your argument? You could say that that's what the district court should have done, but the district court did not. And in Henderson, as I read Henderson, it wrote that, because Henderson did not appeal the federal district court's ruling of state procedural default, we reject his attempt to collaterally attack that unappealed final order. Yes. We feel this case is different. This case, the appeals were heard. The first 2255 motion was not determined as our position, even though it was denied with prejudice. The issues which were raised in that were not the same issues that are raised in this motion and could not have been raised in that motion because we're not dealing with a change in constitutional law, substantive constitutional law. And therefore, it is properly raised here, and it is not a second or consecutive motion. If this court were determined that it were, we would ask the court to treat this as a motion to file a consecutive or second 2255 motion. I haven't looked at it further. Have you previously asked us to treat it as a second and successive motion? We have not, Your Honor. Thank you. And I would reserve any remaining time. Good morning. Rob Keenan for the United States. As to the mootness question that the court raised, I don't think it's entirely clear that this case is still worthy of review. There might be, in fact, a mootness problem. The primary purpose or statement I think by defendant's counsel for why it's not moot is that the defendant is still subject to supervised release, at least in part, on the money laundering convictions. But even if those money laundering convictions were put aside, he would still be subject to the same length of time of supervised release on the fraud convictions, That's frankly what I wanted to have you then speak about, because it seems to me that given he's out and given that the sentences were the same, and even if he were to win on the other sentence, the time that would be there is the same. There's nothing going to change in any event, even if we eliminated the total money laundering conviction. Why is this not moot? That was the question. In reviewing this and checking just last week the inmate locator on the BOP website, and finding that he has now in fact been released, I believe that there is a substantial mootness problem. It's not something we've briefed, obviously, but I think If it doesn't matter, those charges don't matter because you have the others? Correct. Are you willing to dismiss those charges? As a practical matter, I don't know. I haven't considered doing so. If you let us know. I mean, I haven't considered doing so. Well, if you let us know that you're willing to dismiss those charges, then we'd have a different problem. You can always write us and say, yes, we're dismissing those charges. Otherwise, I assume those charges have some significance. It's hard to evaluate that. When in a case where the defendant was indicted in two separate indictments of substantial fraud schemes, bribery and kickback schemes, and the money laundering counts were not the core of the case. Let me see. I'm not suggesting I can understand those. Maintaining those convictions may have some significance to you. They also may have some significance to the defendant in that case. I understood. And any conviction, I imagine, from the standpoint of the defendant is one too many on any of the accounts. But in terms of whether there's a consequence of the court's ruling in this case, a practical consequence that subjects the defendant to some continuing sense of custodial arrangement or further punishment, I don't see that. And I do believe it might well be moved. Any case that says that? I did not have time to research that in the last few days since the mootness issue came to mind. What about this question that just came to mind as he sat down? In any event, since you're going to throw me out, I move to make this a second or successive. I always like to have the time to brief. We do too. That's why I was a little bit taken back by that. Well, because it avoids errors and mistakes. And I like to make sure I'm fully versed in what the law is on that particular issue. And I haven't researched it. So I think ultimately it's not something that we need to get to. Well, I think you probably think it is ultimately you need to get to, because if you win, he's saying if he loses on this case that then he wants to file it as a second and successive. So you should hope we do have to get to it because we rule for you. Well, that's true. But we don't expect you to answer that now. It just came up. And you're certainly entitled to research it if we'll let you know whether we're going to consider that issue and need your help to decide it. Very well. I do think that the Henderson case is very helpful. It's not exactly identical. A few cases are, but it involves a very similar procedural posture involving a state prisoner in that case. The petitioners in the Henderson case, the first habeas petition was filed while there was a pending appeal, a direct appeal of the sentence in that case, just like this case. It was a direct appeal of a resentencing in that case. The defendant was sentenced once, was partially vacated, and the state court ordered that he be resentenced. The state trial court did so. He resentenced. And at the time, the defendant in Henderson appealed that resentencing. And while that's cited just for the court's reference at page 1055 of the Henderson decision, and it's referenced in the block quote on page 34 and 35 of our brief, that there was a resentencing appeal pending while the first petition filed in Henderson was filed. The district court denied the first petition in the Henderson case on the ground it was procedurally defaulted without cause. And because – and then when the defendant filed the second petition, the district court found that that second petition was an improper successive motion. So it's a very similar kind of procedural setting. And the court in that case was quite clear. The defendant tried to challenge the dismissal order regarding the first habeas petition. And this court said that that's not an appropriate collateral attack. It's too late in the day. And that's consistent with this circuit's holdings in the Howard case, which we cite around the same page, page 36, I believe, of our brief, or thereabouts, where the defendant in this case – the defendant is a lawyer and a member of the State Bar of California. I'm not sure of his current status. But at the time, it's clear from the pre-sentence report and the record that he had substantial history and time in practice as a lawyer. He was well aware that when his first petition was dismissed with prejudice, what that meant. We know that by his actions because he filed the appeal of that first dismissal order. He made no assumptions of the type he wants this court to now do, namely to assume it should have been dismissed without prejudice on the mere fact – on the mere ground that there was a pending appeal still of his sentence and conviction. Well, counsel, what do you do with law from Boise case? I mentioned by opposing counsel word that it was held that until appellate review was exhausted, that this court may not entertain a motion for habeas relief. The law from Boise case, I – because it was cited in the court's certificate of appeal, ability was the first thing I looked at. And I didn't find it altogether – certainly not dispositive or particularly helpful for either of the parties for – or this court for resolving the case. And here's why. First and foremost, it didn't – the issue on appeal in that case had nothing to do with the success of motions bar. It related – so any comment about how the success of motions bar ought to be applied is really dicta in the law from Boise case. I'm going to go with that pronunciation. The – and in that case, the question was dealing with the application of 2255's one-year statute of limitations. So it doesn't really deal with the holding of that case or much of the analysis with the issue presented here. Moreover, we do believe that the court – the district court in this case had subject matter jurisdiction so that the order dismissing the first habeas petition was not void ab initio. I think if it lacked subject matter jurisdiction to rule in the first case, we'd have a problem. Probably wouldn't be arguing here. Would have pursued a different procedure. But the – in this case, the cases cited in our briefs I think support the argument that the court had subject matter jurisdiction. First, the Pirro case, which describes the rule as a prudential one, born of concerns of judicial economy rather than a jurisdictional rule. Even the Feldman case, in the law from Boise opinion, in a footnote, it suggests that there's some conflict between Pirro and Feldman. I'm not sure that's accurate when I study those two opinions. The Feldman case dealt with a very unusual habeas petition, which challenged not the district court's proceedings, but the proceedings of this court. It challenged the court of appeals proceedings and ineffective assistance of counsel claim relating to the defendant's representation on appeal. And in that case, the ultimate holding was that the district court lacked subject matter jurisdiction in Feldman to address that habeas petition. That's quite a bit of a different breed than what we have in this case, where there's no such problem of having the district court sit in review of a court of appeal, which it plainly can't do. And in Feldman, there's only a passing reference to this rule about how district courts generally ought not to be entertaining habeas petitions when there's a direct appeal of the sentencing petition. And in that regard, if you look at that paragraph, I forget which page it's on, Feldman court doesn't express itself in terms of jurisdictional language. It uses the word should. We quote that in our brief, that the district court should not do it. It doesn't say it may not. It says it should not. And so I think in the following sentence, it refers to it not being appropriate. But nonetheless, it's not stated as a jurisdictional rule, even in Feldman. Lastly, the advisory committee notes to Rule 5, it says it's not a jurisdictional bar. It says that the district courts can consider a habeas petition. So I think the first order of dismissal was proper. The court had subject matter jurisdiction. It plainly denied, didn't dismiss it or postpone ruling. It denied it. That was the word it used. And it said in its judgment, issued the same day as the order denying the first habeas petition, that the denial and dismissal was with prejudice. As a result, the defendant, it was incumbent upon the defendant, the one who came into court and invoked the district court's jurisdiction and asked for a ruling. He got a bad ruling. It was incumbent upon him to pursue the appeal or some other procedural mechanism, perhaps a motion for reconsideration or an amended judgment, things of that sort. He did none of that. And at this late date, under Henderson and Cooper and the Howard case, he can't challenge the district court's proceedings on the first motion. So are you really suggesting then that that should be the place we should go, that really it's done, it's over? Or have you given any thought to this argument that he knew about it before and should have put it in there? Oh, I guess that's the last leg of my argument. I mean, to me, that's the biggest ground that we're now faced if he makes such a motion. Right. I think because he – there are all sorts of procedural questions. No, we really didn't know. We really didn't have any idea about Santos at the time except in the Seventh Circuit. So are you suggesting that because the Seventh Circuit had said it, that then it's incumbent upon counsel for the defendant and counsel for the defendant himself to include that? I was thinking about that very fairness question this morning. I mean, that seems pretty tough. I was thinking about that very fairness question. And I think the answer is Congress says so. Fair or not, Congress says get all your eggs in one basket, make sure you've got all of your arguments to be made. Well, if the Ninth Circuit hasn't said it, why do we have to say something the Seventh Circuit said? Well, I – I mean, it certainly isn't precedent here. It isn't binding precedent. However, it's persuasive and so found the Supreme Court. And it was – Well, let's assume there haven't been a Seventh Circuit decision. Then what? Well, I guess the question might be – I suppose the question might be whether or not there's some excusable neglect to escape hash and whether he should have come up with that argument on his own in his first petition without the benefit of the Seventh Circuit's briefing. Well, let's say he did not do everything the most brilliant lawyer in the country might do. Does that matter as far as the second petition is concerned? I believe that the answer is yes, that the general – Why? Why does it matter as far as the second? Because of Congress's fundamental concern about avoiding piecemeal litigation. No, no, no. I'm saying what do you need to do to have a second petition? What are the requirements? Well, I – Aren't there the same requirements as in 2254 that there has to be either a change in constitutional law that the Supreme Court has made retroactive? Yes. Well, it doesn't qualify under that, does it? I don't believe it does. And are there – or new facts that have been discovered? No. And it couldn't – all right. So how – why does it matter, then? I'm not sure that it does. Congress is not – did not intend these rules to assure fairness. In fact, Congress wasn't concerned with fairness. It was concerned with finality. I think its primary concern was finality, the burden on the courts of piecemeal litigation, et cetera. Well, those procedural rules, not what justice or fairness would be. Well, those are procedural rules that are animated by legitimate and important concerns. I didn't say they weren't. I just said that's what Congress was concerned about. Not fairness or justice, but all those procedural rules that animate whatever you're going to say. You know, it's not our – we don't have the authority to judge the wisdom of Congress's decisions. Nor does the executive branch. Well, the executive branch happened to ask for that rule, but that's another problem. Yes. The – so the answer to the question, I don't see, I must say, that under those habeas rules in 2255, which also apply here, 2254, which also apply here, I don't quite see what difference it makes whether the lawyer did or didn't know whether there was or wasn't a Seventh Circuit decision. I'm not sure it does. But the – nonetheless, I do think that the existence of a Seventh Circuit decision that was issued I think around the same time as the indictment was filed in this case in 2002 had been pending for about four years by the time he pled guilty. All right. You're talking about fairness and justice, not rules. Okay. Thank you. Thank you. Thank you, counsel. Case just argued will be submitted. The final case for argument today is Johnson v. U.S. Vision.
judges: Nelson D. W., Reinhardt, Smith N. R.